**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| KIMBERLY WILSON f/k/a | ) | |
| KIMBERLY SAPOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 0:10-cv-02885-JFA |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL COLLECTION | ) | |
| BUREAU, INC. | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KIMBERLY WILSON f/k/a   KIMBERLY  SAPOUGH, by and  through  her  attorney,  JAMES  M.  ERVIN,  and  for  her  Complaint  against  the  Defendant, FIRST NATIONAL COLLECTION BUREAU, INC. Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction  arises  under  the  FDCPA,  15  U.S.C.  §  1692, *et seq*.   Venue  lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Sharon, South Carolina.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     On information and belief, Defendant is a corporation of the State of Nevada, which is licensed to do business in South Carolina and which has its principal place of business in McCarran, Nevada.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.     On or about January 8, 2010, Defendant mailed a letter to Plaintiff in an attempt to collect the aforementioned alleged debt, but failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a).  A copy of said letter is attached hereto as Exhibit 1.

8.     On or about January 17, 2010, Plaintiff mailed a letter to Defendant disputing the alleged debt, requesting validation and/or verification of the alleged debt and requesting that Defendant not place any further telephone calls to her in the future.  A copy of said letter is attached hereto as Exhibit 2.

9.     Defendant did not respond to Plaintiff's request for verification and/or validation, but instead continued its collection activities.  Defendant continued contacting Plaintiff by telephone, including but not limited to a call placed on February 9, 2010, despite Plaintiff's prior request that Defendant not contact her by telephone.

10.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a.      Continuing to communicate with Plaintiff after Defendant was notified in writing that Plaintiff wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

b.      Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b);

c.      Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

d.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11.      As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KIMBERLY WILSON f/k/a KIMBERLY SAPOUGH, respectfully prays for a judgment as follows:

a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Attorney for Plaintiffs
P.O. Box 6276
Columbia, SC 29260-6276
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com